STEPHEN YAGMAN
333 Washington Boulevard
Venice Beach, California 90292-5152
(310) 452-3200

Presented on behalf of Plaintiff,
Stephen Yagman

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| STEPHEN YAGMAN, Plaintiff, v. **JOSEPH CURTIS EDMONDSON**, **MICHAEL J. COLELLO**, and **10 UNKNOWN NAMED DEFENDANTS**, Defendants. | **COMPLAINT** <br><br> **JURY DEMAND** |

## JURISDICTION AND VENUE

1. Plaintiff asserts jurisdiction based on 28 U.S.C. § 1331, as federal claims are asserted for Racketeer Influenced and Corrupt Organizations (RICO) violations and Hobbs Act violations, and asserts state law claims based on both 28 U.S.C. § 1332, diversity of citizenship, supplemental jurisdiction, 28 U.S.C. § 1367.

2. Defendants did both general business and case-specific business in California, plaintiff resides in California, the matters that are the bases for this action occurred in and the origin of the funds in dispute is Los Angeles County, California, and therefore venue lies in the United States District Court for the

1

Central District of California, and in its Western Division, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

3. Plaintiff is **STEPHEN YAGMAN** (hereinafter Yagman or plaintiff) and defendants are **JOSEPH CURTIS EDMONDSON**, **MICHAEL J. COLELLO**, and **UNKOWN NAMED DEFENDANTS 1-10** (hereinafter, collectively, defendants), who are persons and/or entities whose true names presently are unknown and who may have engaged in some conduct that is culpable with respect to plaintiff, as set forth hereinbelow, and plaintiff, on the one hand, and all defendants on the other hand, are citizens of different states of the United States of America.  Plaintiff is a citizen of California, defendant Edmondson is a citizen of Oregon, and defendant Colello is a citizen of  New York.

## ALLEGATIONS COMMON TO EACH COUNT

4.  Each and every allegation set forth in each and every averment of this pleading hereby is incorporated by this reference in each and every other averment and allegation of this complaint.

5. The actionable wrongs complained of herein occurred after December 31, 2015.

6. Defendants communicated to plaintiff that they demanded from plaintiff over ninety thousand dollars in attorneys' fees for their having made an motion against plaintiff in a prior action.

7. Defendants threatened plaintiff that unless plaintiff were to agree to pay the attorneys' fees demanded that defendants would make a motion for an award of those fees.

8. Plaintiff did not agree to defendants' demand.

9. Defendants then made the threatened motion.

10. Defendants lacked probable cause to make the motion because they could not support the motion with admissible evidence of the time defendants spent on the motion against plaintiff in the prior action.

11. Defendants lacked probable cause to make the motion because they could not support the motion with admissible evidence of the reasonable hourly fee rate as to the time spent on the motion against plaintiff in the prior action.

12. The motion was decided on its merits in the prior action and against defendants.

13. Without probable cause the appeal from the denial of that fees motion, because defendants lacked probable cause to appeal since they still lacked evidence to support the hours claimed and the reasonable hourly rate, defendants nevertheless appealed, and the appeal was denied.

14. Plaintiff was harmed and damaged by defendants making the fees motion in the first instance and by defendants' appeal from the denial of that fees motion.

15. Defendants previously sought to extort money from plaintiff in two prior actions, one in their counterclaim against plaintiff in a prior state court against and another in a prior federal action.

16. Defendants sought to extort money from plaintiff both by telephone and the use of the USPS.

17. By falsely representing to plaintiff, both by telephone and mails, that plaintiff owed monies to defendants, intending that plaintiff and others rely on those false representations, and by plaintiff having for a time relied on those representations, those representations caused harm to plaintiff, both in fact and legally, and damaged plaintiff.

18. Defendants' actions were done maliciously, with spit, with malice, with ill will, and to oppress plaintiff.

**COUNT 1**

19. By initiating the fees motion against plaintiff without probable cause to do so, and by reason of it having been denied, defendants maliciously prosecuted that claim against plaintiff, damaged plaintiff, and are liable to plaintiff.

### COUNT 2

20. By initiating the appeal of the denial of their fees motion against plaintiff without probable cause to do so, and by reason of the appeal having been denied, defendants maliciously prosecuted that appeal against plaintiff, damaged plaintiff, and are liable to plaintiff.

### COUNT 3

21. By doing the things herein alleged, defendants attempted to extort monies from plaintiff and are liable to plaintiff for that extortion.

### COUNT 4

22. By doing the things herein alleged, defendants attempted to extort monies from plaintiff and are liable to plaintiff for that attempted extortion under the Hobbs Act, 18 U.S.C. § 1951.

### COUNT 5

23. By doing the things alleged hereinabove, defendants committed attempted fraud, both fraud in the factum and fraud in the treaty, by concealing correct information from plaintiff and the court to whom the fees motion was made and to the court to which the denial of that motion defendants appealed, and by making material misrepresentations that were false, and they intended that the courts to whom the motion was made and to the appeals court and plaintiff rely on those misrepresentations, plaintiff relied but the courts did not, and plaintiff was harmed and damaged by his reasonable reliance, and defendants therefore are liable to plaintiff for damages for attempted fraud.

//

### COUNT 6

4

24. Defendants' conduct was outrageous and caused plaintiff to suffer severe emotional distress, thus damaging plaintiff, for which defendants are liable.

**COUNT 7**

25. Defendants corruptly and/or by threatening letter of communication endeavored and attempted to influence an officer in or of a court of the United States in the discharge of their duty and to influence, obstruct, impede or endeavor to influence the administration of justice by submitting the above-mentioned fees motion and appeal of its denial, and thereby violated 18 U.S.C. § 1503(a) and by reason thereof are liable in damages to plaintiff for obstruction of justice, 18 U.S.C. § 1503(a).

**COUNT 8**

26. By initiating the fees motion against plaintiff without any basis and for the improper purpose of extorting money from plaintiff, defendants abused that process, harmed plaintiff, and by reason thereof defendants damaged plaintiff, and are liable to plaintiff for abuse of process.

**COUNT 9**

27. By initiating an appeal of the denial of their fees motion without any basis for that appeal and for the improper purpose of extorting money from plaintiff, defendants abused the process of appeal, harmed plaintiff, and by reason thereof defendants damaged plaintiff, and are liable to plaintiff for abuse of process.

28-42. Reserved.

//
//
//
//

**COUNT 10**

5

43. By doing the things alleged hereinabove, defendants thereby committed wire fraud and/or mail fraud and attempted of justice, 18 U.S.C. § 1503(a), on at least four separate occasions, by using instrumentalities of interstate commerce to accomplish their crimes, and thereby all defendants are liable under the Racketeer Influenced and Corrupt Practices Act, civil RICO, at least for the RICO predicates of fraud, wire fraud, mail fraud, extortion, under the Hobbs Act, and obstruction of justice, 18 U.S.C. § 1503(a).

44. Each defendant, in its own right, and all defendants are together, collectively, as well as Edmondson's law firm, their employees, who work in and for each defendant, both enterprises and associated-in-fact enterprises, within the meaning of 18 U.S.C. § 1961(4), and therefore each and all are a RICO enterprises.

45. As regards the dealings alleged in the instant action, each defendant is an enterprise, within the meaning of 18 U.S.C. § 1961(4).

46. Each defendant's activities are a significant part of and affect interstate commerce.

47. Each defendant received income, directly and/or indirectly, by way of profits, salary, compensation, benefits, reimbursement for expenses, *per diem* costs reimbursements, meals, lodging, and/or travel, *etc.,* from the pattern of racketeering activity alleged herein and used that income in the acquisition of an interest in and/or operation of the enterprise, in violation of 18 U.S.C. 1962(a), and acquired and/or maintained control over said racketeering enterprise(s) through a pattern of racketeering activities, as set forth herein, in violation of 18 U.S.C. 1962(b).

48. Defendants conducted and/or participated in said enterprises' affairs through a pattern of racketeering activities, in violation of 18 U.S.C. 1962(c).

49. The pattern of racketeering activities included a continuous pattern and practice potentially involving activities, including any potential civil RICO

predicates, set forth in the RICO predicate statutes, including fraud, mail fraud, wire fraud, fraudulent concealment, fraud, extortion, the Hobbs Act, 18 U.S.C. § 1951, and obstruction of justice, 18 U.S.C. § 1503(a), and defendants' prosecution of their fees requests in the prior action and their defense of the instant action will be a continuation and a part of their RICO schemes, so that anyone who participates in that defense will become part of the RICO enterprise(s). That pattern of racketeering activities is continuing to date and will continue unless this court ends it.

50. The enterprises' activities have occurred on more than one and on many occasions, at least four, over at least the past 10 years and have been done on numerous occasions and constitute at least four separate acts.

51. The wrongful acts described in the matters enumerated hereinabove occurred over a significant period of time, and are related in that they evidence civil RICO predicates, including at least fraud, wire fraud, mail fraud, extortion, the Hobbs Act, 18 U.S.C. § 1951, and obstruction of justice, 18 U.S.C. § 1503(a), and those acts pose a threat of continued criminal activity, they have the same or similar purposes, results, participants and kinds and categories of participants, victims, methods of commission, and are otherwise interrelated by their common characteristics, are not isolated events, and each and all constitute a continuing pattern of racketeering activity and constitute a long term threat of continuing racketeering activity.

52. These wrongful acts over a period of at least eight years and the bad acts alleged hereinabove enabled defendants to acquire and maintain, both directly and indirectly, interests in and control of the racketeering enterprises in which they engage.

53. The activities led to defendants' control and acquisition over the enterprise(s) and resulted in the injuries to plaintiff, as alleged herein, which resulted from defendants' participation in and control of the enterprises.

54. By failing to prevent the wrongful conduct herein alleged, misconduct that amounted to racketeering activities, all managerial and non-managerial employees and/or officers of defendants, engaged in and condoned racketeering activities, and perhaps their attorneys in the instant action, and when the names of the managerial and non-managerial persons, presently Unknown Named Defendants are obtained, the names of those persons will be added as defendants.

55. The willful and/or negligent and/or grossly negligent mismanagement of the enterprises, with knowledge by defendants charged with management and potentially other defendants that they were and continue to be operated as a RICO enterprises, directly caused the harm to plaintiff, as alleged herein.

56. The acquisition of control of the enterprises by its participants who engaged in RICO predicate acts harmed plaintiff.

57. The enterprises are RICO enterprises because they have hierarchical structures and consensual structures for making decisions, and those structures have an existence beyond that which is necessary to commit the RICO predicate acts alleged herein, in that the hierarchical and consensual structures exist to accomplish doing business, and the structures for decision-making exist separate and apart from the racketeering activities.

58. Plaintiff was harmed in that his business and property, including his time and his money, and money in which he had an interest, was subjected to, affected by, and its value affected negatively by defendants' wrongful conduct, including fraud, wire fraud, mail fraud, deception, extortion, the Hobbs Act, 18 U.S.C. § 1951, and obstruction of justice, 18 U.S.C. § 1503(a).

59. Both directly and indirectly, defendants, in the acts and instances alleged herein, and others, have conducted the RICO enterprises' affairs and have, as a matter of fact, participated in the operation and *de facto* management of the RICO enterprises.

60. By the conduct alleged herein, each defendant participated in the operation and management of the RICO enterprises himself and/or itself, or herself and played some part in directing their affairs.

61. Plaintiff has suffered a loss of and a material diminution in the value of his property, to wit, his money or money in which he had an interest, and thus plaintiff was injured in his business or property by economic loss, and also defendants harmed plaintiff by interference with plaintiff's prospective business relations.

62. Defendants unlawfully engaged in the racketeering activities on many occasions during the past 10 years, through a pattern of racketeering activity, and acquired, directly and indirectly, control of the enterprises, and also engaged in the same conduct as to other victims.

63. Defendants and others, who either are or have been employed by or who are associated with the racketeering enterprises, have conducted those enterprises through a pattern of racketeering activity.

64. Through a pattern of racketeering activities, as set forth hereinabove, defendants acquired and/or maintained, directly and/or indirectly, interests in and/or control of the RICO enterprises and their activities by, among other things, their own aggrandizement that flows therefrom.

65. By virtue of the allegations set forth hereinabove, some defendants were or are employed by, all defendants were or are associated with, and all defendants participated in, directly and/or indirectly, the RICO enterprises.

66. Defendants unlawfully conspired with each other and with others to violate the provisions of 18 U.S.C. 1962(b), (c), and (d), and, on information and belief, continued to do so with the aid and assistance of co-conspirators.

67. Defendants Edmondson and Colello agreed and conspired to do the wrongful things set forth hereinabove, and engaged in a common scheme and plan to prosecute Colello's false claim for fees, with the object of obtaining for Colello money to which he was not entitled, and whose claim thereto had no merit.

68. Plaintiff was injured in his business and property and by reason thereof plaintiff is entitled to damages, to be trebled.

**WHEREFORE**, plaintiff requests relief against each defendant as follows:

1. General damages to be determined, in a sum exceeding $75,000.00, exclusive of interest and costs;

2. Punitive damages in a sum to be determined by a jury, and of at least $1,000,000 against each individual defendant;

3. The trebling of all damages for the RICO violations;

4. Costs of suit and interest;

5. Attorneys' fees;

6. Such other relief as is just and proper.

### JURY DEMAND

Plaintiff demands trial by jury of all issues.

_____
**STEPHEN YAGMAN**